UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL ALLEN ADAMS,

        Plaintiff,

v.

Case No. 17-cv-699-WED-PP

RANDALL R. HEPP,
DR. LARSON,
CANDI WHITMAN, and
JOHN AND JANE DOES,

        Defendants.

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), SCREENING THE PLAINTIFF'S COMPLAINT, AND DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTIONS TO APPOINT COUNSEL (DKT. NOS. 3, 11)**

Plaintiff Paul Allen Adams, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his constitutional rights were violated. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and two motions asking the court to recruit counsel to represent him, dkt. nos. 3, 11. This order resolves the plaintiff's motions and screens his complaint.

The case currently is assigned to Magistrate Judge Duffin. The defendants, however, have not had the opportunity to consent to the magistrate judge presiding over the case. For this reason, the clerk's office has referred the case to United States District Judge Pamela Pepper for the limited

1

purpose of screening the complaint. The clerk's office will return the case to Magistrate Judge Duffin after entry of this order.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that they pay an initial partial filing fee. On May 25, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $2.49. The plaintiff paid that fee on June 7, 2017. Accordingly, the court will grant his motion to proceed without prepayment of the filing fee. The plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

The plaintiff alleges that about six months after he arrived at Fox Lake Correctional Institution, he began to have diarrhea about seven times per day. He experienced severe pain and bleeding during his bowel movements and lost his ability to control them. The plaintiff states that he wrote to Health Services several times per week, begging for help and services. After about two years, a nurse practitioner finally examined him, and referred him to a specialist, but it was another six months before the specialist actually saw him. The plaintiff has had two surgeries, but states that he is still in pain. The plaintiff alleges that he filed more than two hundred requests to Health Services and complained to defendant Warden Randall Hepp (as well as other individuals who the plaintiff did not name as defendants), but was ignored.

*Analysis*

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specify in his allegations what each individual defendant did (or did not do) to violate his constitutional rights.

Although the plaintiff named Dr. Larson and Candi Whitman as defendants in the caption of his complaint, he did not mention them anywhere in his description of what happened to him. The plaintiff has not alleged any misconduct on their part. The court will dismiss Larson and Whitman as defendants.

Even though the plaintiff's allegations against them are somewhat vague, the court will allow him to proceed against "John and Jane Does" on an Eighth Amendment deliberate indifference claim. The plaintiff explains that he does not know the names of the people at the Health Services Unit (HSU) who ignored his requests for help or failed to schedule his appointment with a specialist. Construing the plaintiff's allegations broadly, as it must, the court infers that the plaintiff's references to unknown HSU staff are his way of referring to the "HSU manager and others Whitman refuses to give me their

names" he lists in the caption. The court refers to these defendants whose names the plaintiff does not know as "John and Jane Doe" defendants.

The court also will allow the plaintiff to proceed on an Eighth Amendment deliberate indifference claim against defendant Warden Randall Hepp. The plaintiff alleges that during the two years his pleas for help were ignored, he wrote Hepp, but Hepp did nothing to help him obtain a response. These allegations are sufficient for the court to allow the plaintiff to proceed against Hepp on his deliberate indifference claim.

Once Hepp answers the plaintiff's complaint, the court will enter a scheduling order setting deadlines for the parties to complete discovery and file dispositive motions. After the court enters that scheduling order, the plaintiff may serve discovery requests (written questions or requests for documents) on Hepp's attorney in an effort to identify the real names of the Doe defendants. Once he knows the Doe defendants' real names, he should file a motion asking the court to substitute the real names for the Doe placeholders. The plaintiff must not, however, serve any discovery requests on Hepp's attorney until *after* the court enters a scheduling order.

*Motions to Appoint Counsel*

On the same day the court received the plaintiff's complaint, the court received a motion asking the court to recruit an attorney to represent him. Dkt. No. 2. In that motion, he explained that he did not believe that he could litigate the case on his own because the case involves complex medical issues, he has mental health issues, and he has no legal training. The plaintiff attached to his

5

Case 2:17-cv-00699-BHL    Filed 07/17/17    Page 5 of 10    Document 16

motion copies of responses from several attorneys who declined his request to represent him. Id.

On June 26, 2011, the court received a second motion to appoint counsel. Dkt. No. 11. While the plaintiff put the case number for this case at the top of his motion, he refers to a June 16, 2017 order from the court. The court did not issue an order in this case on June 16, 2017. Perhaps the plaintiff intended to file this motion in the other case he listed on the motion, 17-cv-699.

In July, the plaintiff has filed three different supplements to his motion for appointment of counsel (and again, he puts both this case number and case number 17-cv-713 at the top of each supplement). Dkt. Nos. 13, 14 and 15. In these supplements, the plaintiff discusses various medical issues he has and his psychological problems, and reiterates the claims he made in his complaint.

A court has discretion in a civil case to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). After a plaintiff demonstrates he has made a reasonable attempt to hire counsel on his own, the court decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). To decide that, the court looks not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence

gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The court finds that the plaintiff has satisfied the first step in the process described above—he has shown that he made several attempts to hire counsel on his own. The court will not, however, appoint counsel to represent the plaintiff at this point in the case.

Unfortunately, the vast majority of incarcerated persons who file civil rights actions—and there are many of them—are in the same situation as the plaintiff. The court cannot recruit counsel for every incarcerated person who asks: there are simply too many prisoners who want an attorney and too few attorneys who are able or willing to represent them on a *pro bono* basis. That is why the court must look at each plaintiff's pleadings and the nature of each plaintiff's case to determine whether the case is so complex that the plaintiff cannot represent himself. The plaintiff's claims are serious, but factually they are not very complex. He already has stated the facts in such a way that the court is easily able to understand them. The plaintiff appears to have a good grasp of his claims and, even though he states that he has mental health issues and limited education, the court is able to understand his allegations and the relief he seeks.

7

Case 2:17-cv-00699-BHL    Filed 07/17/17    Page 7 of 10    Document 16

Also, it is very early in the case. The complaint has not been served on the defendants, and they have not responded. There is nothing further for the plaintiff to do right now. If, later on in the case, there are things the plaintiff needs to do that he believes he cannot handle himself, he may renew his requests that the court appoint counsel to represent him. The court determines that the plaintiff, for now, is capable of presenting his claims himself.

*Conclusion*

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **GRANTED**. Dkt. No. 2.

The court **ORDERS** that the plaintiff's motions to appoint counsel are **DENIED WITHOUT PREJUDICE**. Dkt. Nos. 3, 11.

The court **ORDERS** that defendants Larson and Whitman are **DISMISSED**.

The court **ORDERS** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendant Hepp.

The court **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, defendant Hepp shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $347.51 balance of the filing fee,

by collecting monthly payments from the prisoner's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Adams's remaining balance to the receiving institution.

The court will send a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the parties may not begin to conduct discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he does not timely file pleadings and other documents, the court may dismiss his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to

9

Case 2:17-cv-00699-BHL    Filed 07/17/17    Page 9 of 10    Document 16

do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 17th day of July, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**