UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL ALLEN ADAMS,

                Plaintiff,

v.                                                  Case No. 17-cv-699-pp

RANDALL R. HEPP, *et al.*,

                Defendants.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 17) AND GIVING PLAINTIFF THE OPPORTUNITY TO FILE AN AMENDED COMPLAINT

---

      This case currently is assigned to Magistrate Judge William Duffin; however, because the defendants have not had the opportunity to consent to magistrate judge jurisdiction, the clerk's office randomly referred the case to a district court judge for the limited purpose of screening the plaintiff's complaint. On July 17, 2017, the court screened the plaintiff's complaint as required by the Prison Litigation Reform Act, and allowed the plaintiff to proceed with deliberate indifference claims against Randall Hepp and John and Jane Does. Dkt. No. 16. The court dismissed the plaintiff's claims against Dr. Larson and Candi Whitman because, although the plaintiff named those individuals in the caption of the case, he failed to include any allegations about what they had done or not done to violate his constitutional rights. Id. The court also denied the plaintiff's motion for the appointment of counsel, finding that the plaintiff, at least at this point, was capable of representing himself. Id.

1

The court since has received from the plaintiff a document, which the court will construe as a motion for reconsideration, challenging the court's dismissal of Larson and Whitman and its denial of his motion for the appointment of counsel. Dkt. No. 17. In his brief in support of this motion, the plaintiff argues that he is cognitively and physically disabled, and that he made a "technical mistake" by not including any allegations about Larson and Whitman in the body of his complaint. Dkt. No. 18 at 1. He argues that it is "common sense" that, if he named them in the caption, these individuals are the ones who failed to protect him from "torture." Id. He goes on to argue that the court's willingness to dismiss these individuals as result of "such a trivial mistake" and "technical error" makes it obvious that he is unable to represent himself. Id. at 1-2.

The plaintiff's failure to include allegations about Larson and Whitman was not "technical" or "trivial." The law requires courts to screen complaints filed by prisoners, and to determine whether a plaintiff's allegations are frivolous, malicious or fail to state a claim. Courts cannot allow a prisoner to throw unsupported allegations against just anyone, and cannot put defendants to the expense of answering and defending against unexplained allegations. The law requires a plaintiff to explain in his complaint what it is that he believes each defendant did to violate his constitutional rights; if the plaintiff does not make any specific allegations against a particular defendant, the court must dismiss that defendant. The plaintiff still has not made any specific allegations describing what Larson and Whitman did (other than to generally

2

state that they did not protect him). The court will not reconsider its decision to dismiss Larson and Whitman.

That said, the court will allow the plaintiff to file an amended complaint that includes specific allegations against Larson and Whitman. If the plaintiff chooses to file such an amended complaint, he must provide details—who is Dr. Larson? What was his relationship to the plaintiff? Did the plaintiff speak to Dr. Larson about his diarrhea, pain and bleeding? How many times? What did Dr. Larson do in response? Who is Candi Larson? What interactions did the plaintiff have with her? What did he ask her to do? What did she do in response? If the plaintiff files an amended complaint containing these specific allegations, the court will consider them, and consider whether to reinstate Larson and Whitman as defendants.

If he chooses to file an amended complaint, the plaintiff must do so by **August 31, 2017.** The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will take the place of the original complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In other words, the plaintiff cannot simply file a supplement to his original complaint, nor may he just add on to the original complaint by filing the allegations against Larson and Whitman. Instead, he must file a new complaint that contains *all* of the allegations against *all* of the defendants against whom he seeks to state a claim. If the court receives an amended complaint by the

3

deadline, it will screen it pursuant to 28 U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the case will continue with the plaintiff's claims against Hepp and the Does as permitted in the court's July 17 order.

Finally, the plaintiff's motion for reconsideration confirms in the court's mind that the plaintiff is capable of representing himself at this time. He understands the issues and his claims, and he is able to communicate effectively with the court and advocate for what he wants. He has presented no reason for the court to reconsider its decision to deny his motion for the appointment of counsel at this time.

Accordingly, the court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 17. The court **ORDERS** that the plaintiff may file an amended complaint consistent with this order, if he does so in time for the court to receive it by **August 31, 2017.** If he fails to do so, the case will continue consistent with the court's July 17, 2017 order.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**