UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL ALLEN ADAMS,

                        Plaintiff,

        v.                                              Case No. 17-cv-699-pp-wed

RANDALL R. HEPP, *et al.*,

                        Defendants.

**DECISION OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE DUFFIN'S MARCH 14, 2019 ORDER (DKT. NO. 75)**

On July 17, 2017, the court issued an order screening the complaint, and allowing the plaintiff to proceed against John and Jane Doe defendants and Warden Randall Hepp on claims that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Dkt. No. 16. The plaintiff asked the court to reconsider that order, dkt. no. 17; the court denied that request, dkt. no. 22. The court gave the plaintiff an opportunity to file an amended complaint by August 31, 2017; he didn't file an amended complaint, and defendant Hepp answered the original complaint on September 14, 2017, dkt. no. 26. About a week later, the court received the plaintiff's motion for an extension of time to amend the complaint, dkt. no. 27; the court granted that motion and gave him a deadline of November 24, 2017 to amend, dkt. no. 28. Eventually, after some other bumps in the road, the plaintiff filed an amended complaint on December 20, 2017, dkt. no. 33, but then asked to add more claims, dkt. no. 35. The court denied that request, screened the

amended complaint, and this time allowed the plaintiff to proceed on deliberate indifference claims against nurses Dawn P. and Truen, nurse practitioner Frank, Dr. Larson, Henrich, Whitman, Floeter, nurse Jane Doe, CO DeBrees and Warden Hepp. Dkt. No. 48 at 8-9. Defendant Hepp answered the amended complaint on September 11, 2018, dkt. no. 51, and the other defendants answered on October 26, 2018, dkt. no. 58. The court then issued a scheduling order, setting a deadline of April 1, 2019 for completing discovery and a deadline of May 1, 2019 for filing dispositive motions. Dkt. No. 59.

The court referred this case to Magistrate Judge William Duffin to handle all pretrial matters. Dkt. No. 62. Meanwhile, in the two and a half months after the court issued the scheduling order, the court received five letters from the plaintiff—he asked questions about the scheduling order, advised the court of his health status and made complaints about institution staff, demanded that the court expedite his case and require the institution to give him his legal files while in the infirmary, and demanded appointment of counsel and expert witnesses. Dkt. Nos. 60-61, 64-65. On January 4, 2019, Judge Duffin conducted a status conference. Dkt. No. 66. During the hour-long hearing, Judge Duffin addressed the various issues the plaintiff had raised in the letters, explained further some of the things this court had said in its orders, set a deadline for the defendant to provide the identities of nurses, set a deadline for the plaintiff to identify the Doe defendants, answered the plaintiff's questions to the extent that he could without giving legal advice, gave the plaintiff the opportunity to file an amended complaint and scheduled another

status conference for February 8, 2019. Dkt. No. 66. Not quite three weeks later, the plaintiff filed another letter. Dkt. No. 67. Judge Duffin addressed that letter, and numerous other issues, at the February 8, 2019 hearing. Dkt. No. 68. One of the things discussed at the hearing was the need for the plaintiff to identify the Jane Doe nurse whom the plaintiff alleged denied him a private area to self-administer enemas—there were three nurses working that night. Id. at 2. The plaintiff asked why counsel for the defendants couldn't just ask those three nurses if they remembered the incident; Judge Duffin directed defense counsel to do so, and let the plaintiff know by February 15, 2019. Id. at 2-3. The plaintiff then could let the court know the name of the nurse, and the court could substitute that name for the Jane Doe placeholder. Id. The plaintiff agreed with this proposal.

Defense counsel then raised the question of whether the deadlines for conducting discovery and filing motions needed to be extended. Id. at 4. The plaintiff said he didn't want to extend deadlines, and offered that if it was identification of the Jane Doe nurse that would require extension of the discovery deadline, he was willing to waive identifying her and just proceed with the defendants he already had. Id. Given that, Judge Duffin dismissed the Jane Doe defendant, but because of defense counsel's trial schedule and the need to depose the plaintiff, extended the discovery deadline anyway, moving the deadline for completing discovery to May 1, 2019—the same date dispositive motions were due. Id.

A few days later, the court received from the plaintiff fifty-three pages of documents, alleging that Judge Duffin "unduly swayed" him to believe that it was "pointless" to question the three nurses present about whether they remembered the enema incident. Dkt. No. 69. He "withdrew" his agreement to waive identification of the Jane Doe defendant, moved to reinstate her as a defendant, moved to add additional Doe defendants, moved to depose witnesses and moved to compel the defendants to respond to his discovery requests. Id. On March 14, 2019, Judge Duffin denied the plaintiff's motions. Dkt. No. 73. The court received the plaintiff's written objections to Judge Duffin's order about a week later. Dkt. No. 75.

Under Federal Rule of Civil Procedure 72(a), when a magistrate judge who is handling a case on referral enters an order that does not dispose of a claim or of the whole case, the losing party may file written objections to the order within fourteen days. The district judge who referred the case must timely consider the objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The clear-error standard is highly deferential; a district judge will modify a magistrate judge's decision only if he or she is convinced that the magistrate judge made a mistake. McGuire v. Carrier Corp., 09-cv-315, 2010 WL 231099, at *1 (S.D. Ind. Jan. 13, 2010) (citing Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997)). The fact that a district judge would have come to a different conclusion is an insufficient basis for the district judge to modify the magistrate judge's order. Id.

Judge Duffin's order was not clearly erroneous or contrary to law. Regarding the plaintiff's request to reinstate Nurse Jane Doe, Judge Duffin did exactly what the plaintiff asked—he ordered the defendants' lawyer to question the nurses on duty at the time about the identity of the Jane Doe. It was the *plaintiff* who chose to forego identification of Nurse Doe, apparently because he did not want the court to extend the deadlines for discovery. As it turned out, Judge Duffin extended the deadline anyway, because of defense counsel's schedule. But he extended it by only a month, and he didn't extend the dispositive motions deadline at all, so the extension of the discovery deadline will not slow the progress of the case. Further, the plaintiff said more than once that identifying this single Doe defendant was not going to change the course of the case one way or the other, another reason he agreed to proceed without identifying her. Judge Duffin did not "sway" the plaintiff that identifying Nurse Doe would be pointless; he was on the road to allowing the plaintiff to identify Nurse Doe until the plaintiff said it wasn't necessary.

With regard to the plaintiff's request to add other Doe defendants—under 28 U.S.C. §1915A(a) and (b), a court must screen a prisoner's complaint and "identify cognizable claims." That means that the claims with which a prisoner may proceed are limited to the claims the court identifies in its screening order. As Judge Duffin noted, this court's August 27, 2018 screening order is not ambiguous. The court allowed the plaintiff to proceed against only a single Jane Doe Nurse (who the plaintiff since has dismissed). Dkt. No. 48 at 9. Judge Duffin was correct not to allow the plaintiff to add more Doe defendants.

Judge Duffin's denial of the plaintiff's motion to compel was not clearly erroneous or contrary to law. Judge Duffin denied the plaintiff's motion because the plaintiff did not comply with Civil Local Rule 37. Courts have broad discretion to enforce local procedural rules to move cases along as efficiently as possible. A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n and Chi. Journeymen Plumbers' Local Union 130, U.A., 562 F.3d 784, 790 (7th Cir. 2009). This court has denied motions to compel when parties do not comply with Local Rule 37, just as Judge Duffin did. The court expects all parties to comply with its local rules.

At the end of his objections, the plaintiff states, "If this court den[ie]s the addition of the named doe's [sic], then I will take leave to amend my complaint as originally directed by the court to add the doe's and Greg Phal, and Holly Meyer." Dkt. No. 75. The court will not allow the plaintiff to amend his complaint as he proposes. Under Federal Rule of Civil Procedure 15(a), courts should freely give a plaintiff leave to amend when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962). But courts need not grant leave to amend when there is an apparent reason not to do so, such as undue delay. Id. If the court were to allow the plaintiff to amend his complaint as he proposes, it would unduly delay the case, which has been pending for almost two years (as the plaintiff himself has complained in some earlier letters).

On December 18, 2018, the court denied the plaintiff's motion to reconsider its decision to dismiss Greg Phal and Holly Meyer as defendants. Dkt. No. 62 at 3-5. The court explained that it would not consider allegations

6

that the plaintiff had not included in his amended complaint when determining

whether the plaintiff stated a claim against someone. Id. The court then said:

> This case has been pending for well over a year and filing another amended complaint will further delay it. The plaintiff is already proceeding against nine named defendants on claims that are very similar to (and in some cases overlap with) the claims he wants to pursue against Phal and Meyer. The court advises the plaintiff to consider whether what he will gain in adding Phal and Meyer as defendants outweighs the delay that will result if he amends his complaint again.

Dkt. No. 62 at 4-5.

Four months have passed since the court instructed the plaintiff to

decide whether to file an amended complaint. In all that time, the plaintiff did

not file an amended complaint, even though the court gave him instructions on

how to do so in its December 18, 2018 order. Because this case has been

pending for nearly two years and discovery closes and dispositive motions are

due in less than two weeks, the court will not allow the plaintiff to file a second

amended complaint.

The court **OVERRULES** the plaintiff's objections to Judge Duffin's March

14, 2019 order. Dkt. No. 75.

Dated in Milwaukee, Wisconsin, this 23rd day of April, 2019.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge