# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PAUL ALLEN ADAMS,**

    Plaintiff,

  v.                        Case No. 17-CV-699

**RANDALL R. HEPP,** *et al.***,**

    Defendants.

## ORDER

On May 17, 2019, the court ordered the defendants to provide it with copies of all non-duplicative, non-privileged emails (with attachments) that defendants' counsel had concluded were not responsive to plaintiff Paul Adams's discovery requests. The defendants did so on May 31, 2019. Having performed an *in camera* review of the emails, the court concludes that nineteen documents are arguably relevant to Adams's claims and should be produced to him. The defendants must produce the following documents, with necessary redactions, to Adams by **June 14, 2019**: Bates Nos. 2590, 2598, 2599, 2602, 2603, 2611, 2612, 2614, 2617, 2620, 2624, 2625, 2999, 7311, 11196, 12201, 12365, 12367, and 12811.

On May 29, 2019, Adams filed a motion to compel, which the court grants in part and denies in part. Adams raises many issues but focuses primarily on his inability to obtain the documents he believes he needs to defend against a motion for summary judgment. Adams explains that he has encountered many obstacles in

trying to review his medical file. He states that he has received only a few opportunities to review his file (which apparently includes progress reports, his health service requests, and correspondence about his medical care), and on those occasions was limited to thirty minutes and prohibited from taking notes. Adams asserts that, although he was permitted to flag records for copying, he has not received all of the requested copies.

Adams states that he needs documents from his medical file to defend against a motion for summary judgment, so the court will require the defendants to assist Adams in obtaining the documents sought. To that end, the parties are to proceed as follows:

1) Adams may pay for a copy of his entire medical file, including treatment records, health services requests, and correspondence by health services staff about Adams (to the extent those documents have not already been produced);

2) If Adams is unable to pay for a copy of his entire file, or if he does not want a copy of his entire file, the defendants must allow Adams a meaningful opportunity to review his medical file. Adams must be allowed a minimum of three hours to review his file (in whatever increments his institution determines, although the review is to be completed by **June 18, 2019**), and he must be permitted to take notes. Adams may identify the documents in his file that he would like copied at his expense.

Defendants' counsel must coordinate with Adams to determine which option to pursue. The parties are free to agree to a different option if they find a solution that works better for them. All copies must be provided to Adams by **June 21, 2019**.

Adams also explains that he does not believe that he has received all the emails relevant to his claims. On April 30, 2019, the court held a telephonic hearing with the parties to discuss discovery issues. (*See* Court Minutes at ECF No. 82.) At the hearing defendants' counsel explained that Adams had requested communications between the defendants about him. Counsel explained that she ran a search using the defendants' names and Adams's name and DOC inmate number. She explained that there were about 1,700 pages of emails (with attachments), not all of which were responsive.

Although Adams questions counsel's assertion that her search of the defendants' emails resulted in only 1,700 pages, he does not explain how she should have searched the defendants' emails differently. The court agrees that searching the defendants' emails by using their names and Adams's name and inmate number was the best way to establish the universe of potentially relevant documents. As already mentioned, the court performed an *in camera* review of the documents that defendants' counsel determined were not responsive, and it ordered that an additional nineteen documents be produced to Adams. The court will not require defendants' counsel to conduct further searches of the defendants' email communications.

Adams also asserts that, when he spoke to defendant Regina Henrichs's boss, she had a two-inch file that Adams was told Henrichs had maintained on him. According to Adams, the defendants have ignored his requests to produce this file. At the April 30th hearing, defendants' counsel expressed her belief that any information in that file would have been part of Adams's medical file. She stated that she would check on the file to determine if it contained documents that had not otherwise been produced or that were not part of Adams's medical file. The court will require defendants' counsel to inform Adams whether she located Henrichs's file and, if she did, what the file contains. If the file contains responsive, non-privileged documents that have not already been produced or that are not part of Adams's medical file, the defendants must produce those documents to Adams by **June 21, 2019**.

Finally, Adams asserts that the defendants have ignored his discovery requests regarding the water quality at Fox Lake Correctional Institution. The court briefly discussed this issue at a January 4, 2019 telephonic status conference with the parties. (*See* Court Minutes at ECF No. 66 at 3-4.) Defendants' counsel explained that she did not intend to respond to those requests because she did not believe they were relevant to issues in this case. The court agreed and instructed Adams to focus on his medical treatment and diet issues. Despite Adams's characterizations to the contrary, whether the water quality at Fox Lake was adequate is not an issue in this case. The court will not require the defendants to respond to discovery requests on that topic.

The dispositive motion deadline is **June 7, 2019**. Defendants' counsel has indicated that the defendants intend to file a summary judgment motion. Assuming the defendants file a summary judgment motion on June 7, Adams's response materials would be due on July 8, 2019. In light of the court's order that the defendants produce documents to Adams by June 21, 2019, the court will extend Adams's time to respond to a summary judgment motion from thirty days to sixty days. If Adams needs more time to respond, he may file a motion for an extension of time that discusses how much extra time he needs and why he believes he needs the extra time.

**SO ORDERED.**

Dated in Milwaukee, Wisconsin this 6th day of June, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge